Argued at Pendleton October 29, affirmed December 10, 1918.

## WARD v. SEAWEARD.

(176 Pac. 422.)

**Waters and Watercourses—Flowage — Ditches — Injunction—Injury Caused by Plaintiff's Act.**

1. If plaintiff willfully stopped up drainage ditch used by defendant, thereby necessitating and producing injury to his own land, when waste water from defendant's irrigation operations escaped and flowed over it, plaintiff could not restrain defendant from permitting such escape.

[As to land owners' rights to protect themselves by dams, levees and other means, see note in 97 **Am. Dec.** 565.]

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is a suit by John A. Ward against J. H. Seaweard. From a decree for plaintiff, defendant appeals. Affirmed.

For appellant there was a brief and an oral argument by *Mr. C. McGonagill.*

For respondent there was a brief with oral arguments by *Messrs. McCulloch & Wood.*

McBRIDE, C. J.—1. This is a suit to restrain defendant from permitting the waste water from his irrigating operations from escaping and flowing over and upon plaintiff's land to the injury of said premises.

The answer is a general denial, a plea of a prescriptive right to flow the same, as defendant claims he has been accustomed to do for the past fifteen years, and a plea that plaintiff and another had willfully stopped the drainage ditch used by defendant, thereby necessitating and producing the injury complained of. There are no new propositions of law involved. Each defense urged is legitimate and if supported by the testi-

90 Or.—18

mony would bar the relief sought by the plaintiff in this suit. The court below found in favor of plaintiff on the issues presented and we have therefore to consider the case upon the facts disclosed by the testimony, which we have read, re-read and carefully considered. We are of the opinion after such examination that the findings of the court below are correct and that the decree should be affirmed. A detailed statement of the testimony would be of no value and is therefore omitted.

Decree affirmed.

HARRIS, J., absent.